```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**EUGENE LONG**

       Plaintiff

v.                                    Civil Action No. 2:09-0349

**CLYDE BLAIR**

       Defendant

## MEMORANDUM OPINION AND ORDER

Pending are plaintiff's motion to certify questions to the Supreme Court of Appeals of West Virginia ("motion to certify") filed April 30, 2010, and defendant's motion in limine to preclude the testimony of plaintiff's expert witness filed April 9, 2010.

Plaintiff contends that this action raises two questions of first impression under West Virginia law as follows:

> Whether the quantum of proof necessary to establish undue influence is, as the majority of courts have held, a preponderance of the evidence, or is clear and convincing evidence?
>
> Whether the presumption of constructive fraud that arises where the parties to a joint bank account with right of survivorship have a fiduciary or confidential relationship and the beneficiary to the creation of the account fails to prove that the funds were a bona fide gift, . . . also applies to annuities that are held jointly with right of survivorship?

(Mot. at 2).

Regarding the first issue, the court has identified in its memorandum opinion and order entered today that the clear and convincing standard of proof governs undue influence claims. The conclusion is based upon existing West Virginia precedent. Regarding the second issue, it does not appear that the referenced annuities are "held jointly with right of survivorship." (Id.). Instead, defendant merely appears to be the named beneficiary of the annuities. In any event, plaintiff has identified no case law supporting the view that the stated presumption applies under these circumstances. The court, accordingly, ORDERS that the motion to certify be, and it hereby is, denied.

Defendant's motion in limine asserts that plaintiff's expert, David H. Lunsford, Esq., stated as follows in his initial report:

> In his initial report, Mr. Lunsford opined that the Last Will and Testament of Loretta Marie Miller is not a valid will under applicable West Virginia law on the basis that: a.) the formalities of a valid will were not or may not have been met due to the will not being witnessed by two (2) competent witnesses as required by applicable West Virginia statute; b.) the will was or may have been obtained or procured as a result of undue influence exerted upon the testator by the defendant, Clyde Blair, and possibly one (1) or more other persons, resulting in the testator executing the subject will which substantially benefits the defendant to the detriment and exclusion of the plaintiff who was the testator's closest living relative; and c.)

2

> further, the defendant, Clyde Blair, was or may have been in a fiduciary and/or confidential relationship with the decedent in regard to particularly the non-probate assets of the decedent, Loretta Marie Miller.

(Mot. at ¶ 2 (emphasis omitted).

Mr. Lunsford subsequently supplemented his report, stating as follows:

> 1.) It is the best practice of estate practitioners that the attorney drafting a will not act as a witness to the will so as to avoid any future conflicts of interest in regard to the probate of the will. 2.) The Last Will and Testament of Loretta Marie Miller is not a valid will under applicable West Virginia law on the basis that the will was obtained or procured as a result of undue influence exerted upon the testator by the defendant, Clyde Blair which resulted in the testator executing the subject will which substantially benefits the defendant to the detriment and exclusion of the plaintiff who was the testator's closest living relative. 3.) The defendant, Clyde Blair, was in a fiduciary and confidential relationship with the decedent in regard to the decedent, Loretta Marie Miller; and 4.) Greg Smith, Esq., failed to meet the generally accepted protective measures and practices of estate planners in connection with the preparation and execution of the will and durable general power of attorney by Mrs. Miller.

(Id. ¶ 3).

Defendant asserts that Mr. Lunsford should not be permitted to testify on these matters inasmuch as they would not assist the finder of fact under Federal Rule of Civil Procedure 702 and would not satisfy the relevance requirement found in Rule

401. Plaintiff counters that Mr. Lunsford is qualified as an expert witness and should be permitted to testify.

Our court of appeals has observed that expert witnesses are generally precluded from opining on the law governing the case. Adalman v. Baker, Watts & Co., 807 F.2d 359, 366 (4th Cir. 1986) (affirming the exclusion of testimony by expert witness which included legal conclusions), disapproved on other grounds in Pinter v. Dahl, 486 U.S. 622 (1988). It is the court's task to instruct "the jury [on] the meaning and applicability of the appropriate law, leaving to the jury the task of determining the facts which may or may not bring the challenged conduct within the scope of the court's instruction as to the law." Id.; see also 29 Charles A. Wright and Victor James Gold, Federal Practice and Procedure § 6264 (1st ed. elec. 2010) ("[C]ourts often exclude expert opinions that involve legal conclusions if those opinions tell the jury nothing about the facts. Such opinions merely function like jury instructions and, thus, infringe upon the trial judge's role.").

It is at times difficult to draw the line "between proper expert evidence as to facts, the inferences to be drawn from those facts, and the opinions of the expert, on the one hand, and the testimony as to the meaning and applicability of

the appropriate law, on the other hand." Adalman, 807 F.2d at 366. Accordingly, while it is clear that Mr. Lunsford will not be permitted to offer legal conclusions, the court will await a more explicit proffer from counsel concerning the exact scope of Mr. Lunsford's testimony. The court, accordingly, ORDERS that the motion in limine be, and it hereby is, deferred at this time. The parties may raise the matter at the pretrial conference.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: May 12, 2010

_____
John T. Copenhaver, Jr.
United States District Judge